UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JASON BRISMAN,

                                      Plaintiff,

    -against-                                            9:15-CV-712 (LEK/DEP)

QUINN, Lieutenant, Auburn
Correctional Facility, *et al.*,

                                      Defendants.

## DECISION AND ORDER

**I.    INTRODUCTION**

This matter comes before the Court following a report-recommendation filed on August 16, 2017, by the Honorable David E. Peebles, U.S. Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3. Dkt. No. 43 ("Report-Recommendation"). Pro se plaintiff Jason Brisman timely filed objections. Dkt. No. 44 ("Objections").

**II.    LEGAL STANDARD**

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). If no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Barnes v. Prack, No. 11-CV-857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306–07, 306 n.2 (N.D.N.Y. 2008), abrogated on other grounds by Widomski v. State Univ. of N.Y. at Orange, 748 F.3d 471 (2d Cir. 2014); see

also Machicote v. Ercole, No. 06-CV-13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument."). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b). Otherwise, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.

### III. DISCUSSION

Brisman objects to the dismissal of his claim against defendant John "Speedy" Doe, Rep.-Rec. at 47–49, because he now alleges that he has identified Doe as Correction Officer Sturgis, Objs. at 3. Brisman also alleges that he has served process on Sturgis. Id. Brisman does not provide proof of service, and this objection contradicts a recent letter that Brisman submitted to the Court, stating that he had been unable to identify Doe, Dkt. No. 42 at 1, upon which Judge Peebles relied in writing his Report-Recommendation, Rep.-Rec. at 49. Nevertheless, given this new information and because the Second Circuit has counseled patience with incarcerated plaintiffs who struggle to identify defendants, Valentin v. Dinkins, 121 F.3d 72, 76 (2d Cir. 1997), the Court will reject Judge Peebles's recommendation to dismiss Doe. However, Brisman must submit proof of service to the Court within thirty days of the filing of this Decision and Order. If Brisman does not submit such proof, his claim against Doe will be dismissed with prejudice.

Brisman's other objections merely restate facts and arguments he has previously presented to Judge Peebles. Objs. at 1–3. Accordingly, the Court has reviewed the rest of the Report-Recommendation for clear error and has found none.

IV.     **CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 43) is **ADOPTED in part and MODIFIED in part**; and it is further

**ORDERED**, that Defendants' motion for summary judgment (Dkt. No. 29), insofar as it requests dismissal of Plaintiff's claims against defendants Knight, Lauckern,[1] and Carpenter, is **GRANTED,** and that such claims are dismissed, and is **DENIED in all other respects**; and it is further

**ORDERED**, that the Clerk shall terminate Knight, Lauckern, and Carpenter as defendants in this action; and it is further

**ORDERED**, that the Court will conduct an exhaustion hearing prior to any trial in this action pursuant to Messa v. Goord, 652 F.3d 305 (2d Cir. 2011), with respect to Plaintiff's Eighth Amendment excessive force claim asserted against defendants Quinn, Yung, Osborne, Johnston, Lepinskie, and Doe. The administration of the hearing is referred to Judge Peebles; and it is further

---

[1] Brisman sued this individual as defendant "Lauker," e.g., Dkt. No. 1 at 25, but Defendants identified him as "Lauckern," Dkt. No. 29-6.

**ORDERED,** that Plaintiff must submit proof of service with respect to defendant John "Speedy" Doe within thirty days of the filing date of this Decision and Order. If he fails to submit proof of service, Doe will be dismissed without further order of the Court; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   September 07, 2017
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge