UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JASON BRISMAN,

        Plaintiff,

 -against-            9:15-CV-0712 (LEK/DEP)

QUINN, Lieutenant, Auburn
Correctional Facility, *et al.*,

        Defendants.

## DECISION AND ORDER

**I. INTRODUCTION**

  This matter comes before the Court following a Report-Recommendation filed on April 25, 2018, by the Honorable David E. Peebles, U.S. Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3. Dkt. No. 61 ("Report-Recommendation"). Plaintiff Jason Brisman timely filed objections. Dkt. No. 62 ("Objections").

**II. LEGAL STANDARD**

  Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). If no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Barnes v. Prack, No. 11-CV-857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306–07, 306 n.2 (N.D.N.Y. 2008), abrogated on other grounds by Widomski v. State Univ. of

N.Y. at Orange, 748 F.3d 471 (2d Cir. 2014); see also Machicote v. Ercole, No. 06-CV-13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument."). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b). Otherwise, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.

### III.   DISCUSSION

Plaintiff first objects to Judge Peebles's factual finding that Plaintiff did not file an administrative appeal regarding his grievance. Objs. at 1 (citing Rep.-Rec. at 11–12). Plaintiff does not explain how Judge Peebles erred in analyzing the facts presented to him at the hearing, though he specifically objects to Judge Peebles's finding that Plaintiff's testimony was less credible than the testimony given by employees of the New York State Department of Corrections and Community Supervision. Id. The Court "may not reject the magistrate judge's credibility findings" unless it "has the opportunity to observe and evaluate witness credibility in the first instance," United States v. Preston, 635 F. Supp. 2d 267, 269 (W.D.N.Y. 2009) (citing Cullen v. United States, 194 F.3d 401, 407 (2d Cir. 1999)), and Plaintiff provides no reason to justify the Court conducting an independent credibility assessment. Morever, in reviewing the record, the Court found no reason to question Judge Peebles's credibility determinations.

Plaintiff also objects to Judge Peebles's legal analysis. Objs. at 1–2. First, he argues that Judge Peebles improperly ignored the prison mailbox rule, which affects the timeliness of any

mailings sent by a prisoner. Id. at 1. Because Judge Peebles found that Plaintiff did not even file an appeal, Rep.-Rec. at 12, the prison mailbox rule is irrelevant. Second, Plaintiff argues that Judge Peebles misapplied the standard, articulated by the Supreme Court in Ross v. Blake, 136 S. Ct. 1850, 1856 (2016), for determining whether administrative remedies were "available" to the prisoner. Objs. at 1–2. But Plaintiff admits that he filed a grievance while confined in the Special Housing Unit at Southport Correctional Facility. Dkt. No. 60 ("Plaintiff's Proposed Findings") at 2. He does not explain why he could file a grievance related to mail interference but he could not file an appeal of his grievance regarding the incident on May 4, 2015. Accordingly, Judge Peebles correctly determined that administrative remedies were available to Plaintiff.

The Court has reviewed the rest of the Report-Recommendation for clear error and has found none.

**IV.   CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 61) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Plaintiff's excessive force claim against defendants Quinn, Yung, Osborne, Johnston, and Lepinskie is **DISMISSED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:    May 10, 2018
          Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge