UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

JASON BRISMAN,
   *Plaintiff*,

 v.

AARON McCABE and
ANTHONY VOLPE,

   *Defendants*.

Civ. No. 15-CV-0712

(BKS/DEP)

# DEFENDANTS' PRETRIAL MEMORANDUM OF LAW

Dated: January 31, 2019
   Albany, New York

**LETITIA JAMES**
Attorney General of the State of New York
*Attorney for the Defendants*, The Capitol
Albany, New York 12224

By: *s/ Denise P. Buckley*
Denise P. Buckley, AAG, of Counsel
Bar Roll No. 519278
Telephone: (518) 776-2294
E-mail: Denise.Buckley@ag.ny.gov
and
By: *s/Chris Liberati-Conant*
Chris Liberati-Conant, AAG, of Counsel
Bar Roll No. 700466
Telephone:  (518) 776-2584
E-mail:Christopher.Liberati-Conant@ag.ny.gov

## PRELIMINARY STATEMENT

In this 42 U.S.C. §1983 action, the Plaintiff Jason Brisman ("Plaintiff" or "Brisman") alleges that the Defendants Aaron McCabe and Anthony Volpe (collectively hereinafter, the "Defendants") violated his rights under the First Amendment to the United States Constitution while he was an inmate incarcerated at Auburn Correctional Facility in Auburn, New York. Specifically, the Plaintiff alleges that Defendant McCabe unlawfully retaliated against him by issuing him a false misbehavior report, or "ticket," in response to the Plaintiff's filing of one or more inmate grievances; and that Defendant Volpe unlawfully interfered with his mail by refusing to allow the Plaintiff access to his mail and packages during the time period from March 16 to April 3, 2015.

The evidence will establish that the Defendants complied with the First Amendment. Defendant McCabe issued the Plaintiff a "ticket" for a legitimate and non-retaliatory reason: *viz.*, the Plaintiff's misconduct during a routine "count" procedure. Defendant Volpe did not withhold or tamper with any mail or packages addressed to the Plaintiff, which the Plaintiff was permitted by facility and departmental regulations to receive. Finally, it will be demonstrated that—to the extent any Constitutional violation is established—the Defendants are entitled to qualified immunity, insofar as none of them acted in a manner that violated clearly-established Constitutional rights of which a reasonable person in their various positions would have known.

## STATEMENT OF RELEVANT FACTS

The Plaintiff is presently, and was at all times relevant to this lawsuit, an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"). During the time relevant to the Plaintiff's lawsuit, he was housed at Auburn Correctional Facility ("Auburn" or "Auburn CF") in Auburn, New York. Defendants Aaron

McCabe and Anthony Volpe were a Correction Officer and Correction Sergeant, respectively, at Auburn CF during this time period.

From 2008-2016 Defendant Volpe served as Administrative Sergeant at Auburn, responsible for, *inter alia*, overseeing the operation of the facility's package room. On April 1, 2015, Defendant Volpe interviewed the Plaintiff in connection with complaints by the Plaintiff of not receiving expected mail or packages. At no time during the interview did Defendant Volpe threaten the Plaintiff or otherwise tell him that he would not receive mail. Nevertheless, the Plaintiff filed a grievance—eventually designated Grievance AUB-67025-15—alleging that Defendant Volpe had admitted to withholding the Plaintiff's mail, and further threatening him with yet more mail withholding (as well as assault) if the Plaintiff did not agree to "sign off" (i.e., withdraw) a long list of prior grievances.

The Plaintiff's grievance also made complaints against a series of unnamed correction officers, whom he alleged had failed to deliver his mail on a series of dates between March 16 and April 3, 2015. Sergeant Matthew Calandra interviewed the various officers assigned to deliver mail on the Plaintiff's cell block company ("A-5 Company") during that time period, as well as interviewing the Plaintiff himself on the evening of April 16, 2015. The Plaintiff was unable to provide further evidence or witnesses to Sergeant Calandra, and his grievance was eventually denied.

On April 24, 2015, Defendant McCabe—working a "swap" for another officer—served as the A-Block Officer, responsible for, *inter alia*, the Plaintiff's cell block. As part of those duties, he was responsible for conducting the 5:00 p.m. count, during which each inmate on the cell block is required to turn his cell light on and stand at his cell bars, in order to permit officers to verify the inmate's presence in his cell. When Defendant McCabe conducted the 5:00 pm count, he

observed the Plaintiff laying in his cell with his light off and ordered the Plaintiff several times to comply with count procedures by turning his cell light on and getting out of bed.  After ignoring Defendant McCabe's repeated orders, the Plaintiff eventually slowly stood up from his bed and turned the light on while protesting, "[T]his is some bullshit."  As a consequence of the Plaintiff's delaying the progress of the count, Defendant McCabe issued the Plaintiff a misbehavior report ("ticket"), charging him with delaying the count and failing to comply with a direct order.  Following a disciplinary hearing on the ticket conducted on April 29, 2015, the Plaintiff was found guilty of these two rules violations and given a penalty of seven days' "keeplock" status, as well as the loss of phone, commissary and recreation privileges.  The Plaintiff subsequently asserted the instant retaliation and mail interference claims against Defendants McCabe and Volpe, respectively.

## POINT I

### THE PLAINTIFF'S RETALIATION CLAIMS AGAINST DEFENDANT MCCABE SHOULD BE DISMISSED

To sustain a First Amendment retaliation claim, a prisoner must demonstrate the following: (1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action.  See Gill v. Pidlypchak, 389 F.3d 379, 380 (2d Cir. 2004).  If a plaintiff meets this initial burden, the defendants must then show by a preponderance of the evidence that they would have taken action against the plaintiff "even in the absence of the protected conduct." Mount Healthy City School Dist. Board of Education v. Doyle, 429 U.S. 274, 287 (1977).  Action taken for both proper and improper reasons will be upheld if the action would have been taken based on the proper reasons alone.  Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996); Lowrance v. Achtyl, 20 F.3d 529, 535 (2d Cir. 1994); Sher v. Coughlin, 739 F.2d 77, 82 (2d Cir. 1984).  In

the instance of a misbehavior report or "ticket" that a plaintiff challenges as retaliatory in motive, the defendants can meet this burden by demonstrating that the plaintiff committed the most serious, if not all, of the prohibited conduct charged in the misbehavior report. Gayle v. Gonyea, 313 F.3d 677 (2d Cir. 2002); see also Chavis v. VonHagn, 2009 WL 236060, at **47-51 (W.D.N.Y. 2009).

The Plaintiff will not be able to establish that the April 24, 2015 ticket issued by Defendant McCabe was retaliatory. The overwhelming testimonial and documentary evidence will establish that there was simply no connection between any protected conduct by the Plaintiff, and the issuance of a ticket by a corrections officer who had been assigned oversight of the Plaintiff's cell block that day by virtue of a shift "swap" with another officer. Moreover, it will establish that the Plaintiff's conduct—refusing to comply with routine count procedures—justified the issuance of the ticket and the consequent punishment, irrespective of the existence of any improper motive.

## POINT II

**THE PLAINTIFF'S MAIL INTERFERENCE CLAIM AGAINST DEFENDANT VOLPE SHOULD BE DISMISSED**

A prisoner's right to the flow of incoming mail is not unrestricted; an inmate's right to incoming mail may be restricted "if the restrictions…employ[ed] are 'reasonably related to legitimate penological interests'." Banks v. Annucci, 48 F.Supp.3d 394, 410 (N.D.N.Y. 2014) (quoting Thornburgh v. Abbott, 490 U.S. 401, 409 (1989)). Incoming mail is generally subject to fewer protections than outgoing mail; similarly, non-legal mail is entitled to few protections than legal mail. Vail v. Smith, 2013 WL 938025, at *4 (N.D.N.Y. 2013); see also McGee v. West, 2011 WL 4436168, at **6-7 (N.D.N.Y. 2011). Isolated instances of mail tampering or withholding are insufficient to sustain a mail interference claim, whether involving legal or non-legal mail: "A single instance of mail tampering that does not result in the plaintiff suffering any damage is generally insufficient to support a constitutional challenge." Banks, 48 F.Supp.3d at 410-11

(quoting Morgan v. Montanye, 516 F.2d 1367, 1371 (2d Cir. 1975)). Instead, a First Amendment claim for interference with legal mail requires a showing that prison officials "regularly and unjustifiably" interfered with the prisoner's mail; while a claim for interference with *non*-legal mail demands a pattern of "specific incidents wherein the prisoner's 'ability to communicate with outsiders' was 'significantly impaired'." Vail, 2013 WL 938025, at *4 (citing and quoting Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003) and Davidson v. Mann, 129 F.3d 700, 701-702 (2d Cir. 1997)).

The Plaintiff will not be able to establish that Defendant Volpe interfered with his mail, because the evidence will demonstrate that there was no regular or consistent withholding of the Plaintiff's mail—whether legal or non-legal. Furthermore, the evidence will demonstrate that the Plaintiff did not experience any damages, or impediment to his communication with, or communication from, the outside world as a result of any isolated episodes in which the Plaintiff allegedly failed to receive his mail.

## POINT III

### THE DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY

Qualified immunity protects government officials from civil liability in the performance of discretionary functions as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." Anderson v. Creighton, 483 U.S. 635, 638 (1987). An action is subject to dismissal unless a plaintiff has shown that a defendant's alleged conduct, when committed, violated "clearly established statutory or constitutional rights of which a reasonable person would have known." Williams v. Smith, 781 F.2d 319, 322 (2d Cir. 1986). The doctrine seeks to balance accountability for government officials' actions with the practical need to shield them from harassment and distraction when performing their duties reasonably—even

when that includes the making of reasonable mistakes.  Pearson v. Callahan, 555 U.S. 223, 231 (2009); Sudler v. City of New York, 689 F.3d 159, 174 (2d Cir. 2012).  In so doing, qualified immunity "gives 'ample protection' to all but the plainly incompetent or those who knowingly violate the law."  Henry v. Dinelle, 929 F.Supp.2d 107, 118-19 (N.D.N.Y. 2013) (quoting Malley v. Briggs, 475 U.S. 335, 341 (1986)).

The Plaintiff will not be able to establish that the Defendants' actions were Constitutionally infirm.  The overwhelming testimonial and documentary evidence will establish that the Defendants had no objective reason to believe that their conduct violated any of the Plaintiff's Federally-protected rights.

## CONCLUSION

For all of the foregoing reasons, the Plaintiff's claims should be dismissed in their entirety pursuant to FRCP 50.

Dated: January 31, 2019
      Albany, New York

                            **LETITIA JAMES**
                            Attorney General of the State of New York
                            *Attorney for the Defendants*, The Capitol
                            Albany, New York 12224
                            By: s/ Denise P. Buckley
                            Denise P. Buckley, AAG, of Counsel
                            Bar Roll No. 519278
                            Telephone: (518) 776-2294
                            E-mail: Denise.Buckley@ag.ny.gov
                            and
                            By: s/Chris Liberati-Conant
                            Chris Liberati-Conant, AAG, of Counsel
                            Bar Roll No. 700466
                            Telephone:  (518) 776-2584
                            E-mail:Christopher.Liberati-Conant@ag.ny.gov