UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JASON BRISMAN,

                                    *Plaintiff*,                              Civil Action No.
                                                                                    9:15-CV-00712
              *-vs-*                                                                (DKS/DEP)

VOLPE, *et al*.,                                                          Hon. Brenda K. Sannes

                                    *Defendants*.


## PLAINTIFF JASON BRISMAN'S
## TRIAL MEMORANDUM OF LAW


**BARCLAY DAMON, LLP**
*Attorneys for Plaintiff*
Gabriel M. Nugent, Esq.
Barclay Damon Tower
125 East Jefferson Street
Syracuse, New York 13202
Telephone:  (315) 425-2836
Facsimile:  (315) 703-7361
E-mail:        gnugent@barclaydamon.com


**ABBY R. PERER, ESQ.**
       *of Counsel*

## PRELIMINARY STATEMENT

Plaintiff Jason Brisman ("Plaintiff") respectfully submits this Trial Memorandum of Law pursuant to the Court's Pre-Trial Order dated October 24, 2018. Defendants violated Plaintiff's First Amendment rights to receive mail, and be free from retaliation. Plaintiff will demonstrate that over a period of more than two weeks, Defendant Anthony Volpe refused to deliver Plaintiff's mail. Plaintiff also will prove Defendant Aaron McCabe took adverse action against him by issuing a false misbehavior report and confining Plaintiff to his cell, simply because he engaged in speech protected by the First Amendment by filing inmate grievances.

## PROCEDURAL HISTORY

Plaintiff commenced this action *pro se* on June 10, 2015 against forty-five employees of the New York State Department of Corrections and Community Supervision ("DOCCS"). In his Complaint, Plaintiff alleged that Defendants engaged in a campaign of harassment, physical abuse, and other retaliatory behavior in response to Plaintiff's filing of internal grievances at Auburn Correctional Facility.

When deciding Plaintiff's application to proceed in *forma pauperis*, the Honorable Lawrence E. Kahn considered the sufficiency of the allegations set forth in the Complaint pursuant to 28 U.S.C. §§ 1915 and 1915A, and Rule 8 of the Federal Rules of Civil Procedure. Upon review, Judge Kahn found five causes of action—two Eighth Amendment claims and three First Amendment claims—were sufficiently pleaded and could proceed. (Dkt. #5). Judge Kahn dismissed the remaining claims and thirty-four Defendants.

On October 4, 2016, Defendants moved for summary judgment, seeking dismissal of Plaintiff's five claims. (Dkt. #29). On August 16, 2017, Magistrate Judge Peebles issued a Report-

Recommendation denying Defendants' motion as to Plaintiff's Eighth Amendment excessive force claim, First Amendment mail interference claim, and First Amendment retaliation claim. (Dkt. #43). Magistrate Judge Peebles recommended dismissal of Plaintiff's remaining Eighth Amendment and First Amendment claims, and the associated Defendants, including John "Speedy" Doe. He also recommended that the Court hold an exhaustion hearing on Plaintiff's surviving Eighth Amendment excessive force claim.

On September 7 2017, Judge Kahn issued a Decision and Order adopting in part, and modifying in part, the August 16 Report-Recommendation. (Dkt. #45). Specifically, Judge Kahn granted Defendants' motion for summary judgment as to one Eighth Amendment claim and one First Amendment claim, and denied the motion as to Plaintiff's Eighth Amendment excessive force claim, First Amendment mail interference claim, and First Amendment retaliation claim. Judge Kahn also dismissed three Defendants, but not John "Speedy" Doe, as to whom he granted Plaintiff thirty days to submit proof of service.[1] Judge Kahn also ordered an evidentiary hearing to determine whether Plaintiff exhausted the administrative remedies available to him on his Eighth Amendment excessive force claim.

On April 11, 2018, Magistrate Judge Peebles held an exhaustion hearing on Plaintiff's Eighth Amendment excessive force claim, and on April 24, 2018, he issued a Report-Recommendation, recommending dismissal of the claim due to a failure to exhaust available administrative remedies. (Dkt. #61). On May 10, 2018, Judge Kahn adopted the Report-Recommendation in its entirety, dismissing the excessive force claim and the five associated Defendants. (Dkt. #63).

---

[1] Plaintiff never submitted proof of service and John "Speedy" Doe was dismissed without further order of the Court.

2

Plaintiff's remaining claims, to be decided at Trial, are, (1) the First Amendment mail interference claim against Defendant Anthony Volpe, and (2) the First Amendment retaliation claim against Aaron McCabe.

## STATEMENT OF FACTS

Between March 2014 and June 2015, Plaintiff was incarcerated at the Auburn Correctional Facility ("Auburn"). During his time at Auburn, Plaintiff filed grievances to call attention to mistreatment he suffered on a regular basis at the hands of DOCCS employees. Defendants were among those employees who mistreated Plaintiff, including in the spring of 2015 when they took unjustified administrative actions against Plaintiff in an attempt to punish him for filing prior grievances and deter him from filing any in the future.

From March 16, 2015, to April 3, 2015, both approximate dates, Defendant Volpe, who was responsible for incoming inmate mail at Auburn, prevented Plaintiff from receiving any mail or packages. Plaintiff received no mail or packages during that two-and-a-half week period. When Plaintiff visited the Auburn package room to collect an expected package, Defendant Volpe told him that Plaintiff's packages were "coming up missing," and would continue to do so if Plaintiff did not sign off on prior grievances, meaning effectively abandon any appeal rights. During the same encounter, Defendant Volpe also threatened Plaintiff with physical violence and confinement in the Special Housing Unit if Plaintiff filed any more grievances at Auburn.

A few weeks later, on or about April 24, 2015, Defendant McCabe, a correction officer at Auburn, was patrolling the cell block where Plaintiff was housed at the time.  In the early evening hours on that day, Sergeant M. Calandra of DOCCS visited Plaintiff in his cell to interview him about two grievances he filed, as part of the Sergeant's investigation of those grievances.

During the time Sergeant Calandra interviewed Plaintiff, Defendant McCabe was patrolling Plaintiff's cell block and performing the evening count. Angered by Plaintiff's prior grievances and demonstrated cooperation with the Sergeant's investigation, Defendant McCabe issued Plaintiff an Inmate Misbehavior Report for allegedly missing the count. Indeed, despite the fact that Plaintiff was present in his cell the entire time, Defendant McCabe charged him in the Misbehavior Report with disobeying direct orders, delaying the count, and harassment. As a result of Defendant McCabe's false Misbehavior Report, Plaintiff was "keep-locked"—confined to his cell—for the next 14 days.

Defendants punished Plaintiff for speaking out about mistreatment and injustice at Auburn, and in doing so they violated his First Amendment rights.

## ARGUMENT

**I.    Defendant Volpe Continuously Interfered with Plaintiff's Mail over a Period of More Than Two Weeks.**

Prison inmates have a First Amendment right to send and receive mail while incarcerated. *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003). Restrictions on an inmate's right to send and receive mail are only justified if they "further one or more of the substantial governmental interests of security, order, and rehabilitation." *Id.* (citing *Washington v. James*, 782 F.2d 1134, 1139 (2d Cir.1986)). "[I]n order for an inmate to state a claim for interference with incoming non-legal mail he must show a pattern and practice of interference that is not justified by any legitimate penological concern." *Cancel v. Goord*, No. 00 CIV. 2042, 2001 WL 303713, at *6 (S.D.N.Y. Mar. 29, 2001). "[A]s few as two incidents of mail tampering could constitute an actionable violation… if the incidents suggested an ongoing practice of censorship unjustified by a substantial government interest." *Davis*, 320 F.3d at 351 (citing *Washington*, 782 F.2d at 1139).

4

Here, the evidence will show that Defendant Volpe prevented Plaintiff from receiving any mail for more than two weeks. Interference of an inmate's mail for more than two weeks certainly constitutes a pattern and practice of interference. Moreover, there is nothing in the DOCCS Directives, nor an explanation from Defendant Volpe, that justified confiscation or restriction of Plaintiff's mail.

## II.    Defendant McCabe Retaliated Against Plaintiff for Filing Grievances.

To prevail on a First Amendment retaliation claim, a prisoner must prove (1) his speech or conduct at issue was protected; (2) the defendant took adverse action against the plaintiff; and (3) there was a causal connection between the protected speech and the adverse action.  *See Gill v. Pidlypchak*, 389 F.3d 379, 380 (2d Cir. 2004).

"Filing a prison grievance is considered a protected activity."  *Davis v. Rhommes*, 2010 U.S. Dist. LEXIS 103562, *29 (S.D.N.Y. 2010); *see Gayle v. Gonyea*, 313 F.3d 677, 682 (2d Cir. 2002) (holding filing a grievance is "exercise of a constitutionally protected right"); *Morales v. Mackalm*, 278 F.3d 126, 131 (2d Cir. 2002) (holding that filing a grievance "clearly satisfies" the first element of a retaliation claim because it is protected activity). It is undisputed that Plaintiff filed grievances at Auburn. The first element of Plaintiff's retaliation claim is satisfied.

Next, Plaintiff must prove that Defendants took adverse action against him that "would have deterred a reasonable similarly situated individual from exercising his or her First Amendment rights." *Zelnik v. Fashion Inst. of Tech.*, 464 F.3d 217, 225 (2d Cir. 2006).  The evidence will show that Defendant McCabe issued a false Misbehavior Report against Plaintiff, resulting in Plaintiff being keep-locked for two weeks. Additionally, the Misbehavior Report is now part of Plaintiff's DOCCS record and likely will have a negative effect on his possibility of parole, if it has not already.  A reasonable person in Plaintiff's situation likely would not have

exercised his right to file a grievance if he knew how negatively it would impact him. For all of these reasons (which occurred in response to Plaintiff's attempt to engage in protected speech), similarly situated individuals would have been deterred from exercising their First Amendment rights.

Under the third element, Plaintiff must prove a causal connection between the protected activity – filing the grievance – and the adverse action – issuing Plaintiff a false Misbehavior Report and confining him to his cell. "[T]emporal proximity of an allegedly retaliatory misbehavior report to a grievance may serve as circumstantial evidence of retaliation." *Gayle*, 313 F.3d at 683. Plaintiff filed grievances on April 20, 2015, including grievances 67067-15 and 67071-15 against two different correction officers. On April 24, 2015, Sergeant Calandra interviewed Plaintiff about those grievances, during which time Defendant McCabe was patrolling Plaintiff's cell block. Defendant McCabe issued Plaintiff a false Misbehavior Report that same day, within an hour of Plaintiff speaking with Sergeant Calandra about existing grievances. The short time period between Plaintiff's filing of grievances, interview with Sergeant Calandra, and issuance of the false Misbehavior Report evidences Defendant McCabe's efforts to retaliate against Plaintiff.

## CONCLUSION

The evidence offered at Trial will prove that in March and April 2015, Defendant Volpe interfered with Plaintiff's mail, and Defendant McCabe retaliated against Plaintiff for lawfully filing prison grievances, in violation of the First Amendment of the United States Constitution.

**DATED:** February 1, 2019                    **BARCLAY DAMON, LLP**


By:       */s/ Gabriel M. Nugent*
                Gabriel M. Nugent

Attorneys for Plaintiff
Barclay Damon Tower
125 East Jefferson Street
Syracuse, New York 13202
Telephone:  (315) 425-2836
Facsimile:  (315) 703-7361
E-mail:       gnugent@barclaydamon.com


TO: *Via CM-ECF*
Denise P. Buckely, Esq., and Chris Liberati-Conant, Counsel for Defendants