UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JASON BRISMAN,

                                    Plaintiff,                      9:15-CV-00712 (BKS/DEP)

v.

AARON McCABE and ANTHONY VOLPE,

                                    Defendants.
_____

**Appearances:**

*For Plaintiff*:
Abby R. Perer
Syracuse University
Office of General Counsel
900 S. Crouse Avenue
Crouse-Hinds Hall, Suite 513
Syracuse, NY 13244

*For Defendants*:
Letitia James
Attorney General of the State of New York
Denise P. Buckley
Assistant Attorney General
The Capitol
Albany, NY 12224

**Hon. Brenda K. Sannes, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

In this action, Plaintiff Jason Brisman asserted a First Amendment retaliation claim under

42 U.S.C. § 1983 against Defendants Aaron McCabe and Anthony Volpe. (Dkt. No. 1).[1] After a

---

[1] Plaintiff's original complaint asserted various claims against forty-five employees of the Department of Corrections and Community Supervision. (Dkt. No. 1; Dkt. No. 5, at 4). All but one of Plaintiff's claims was dismissed prior to trial. (Dkt. Nos. 45, 63). One of Plaintiff's excessive force claims was dismissed based on a failure to exhaust

two-day trial in February 2019, the jury returned a verdict finding that Plaintiff failed to prove his claim by a preponderance of the evidence. (Dkt. No. 101). On March 26, 2019, Defendants filed a motion for a bill of costs in the amount of $1,474.24 under Rule 54(d) of the Federal Rules of Civil Procedure. (Dkt. No. 106). Plaintiff opposes the motion. (Dkt. No. 107). For the following reasons, Defendants' motion is granted.

## II. DISCUSSION

Rule 54(d)(1) of the Federal Rules of Civil Procedure states in relevant part that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs . . . should be allowed to the prevailing party." "[T]he losing party has the burden to show that costs should not be imposed." *Whitfield v. Scully*, 241 F.3d 264, 270 (2d Cir. 2001). It is undisputed that Defendants were the prevailing party in this case. Plaintiff has not disputed the propriety of the Defendants' request for costs totaling $1,474.24 for witness fees, copies, and the transcript of the Plaintiff's deposition. *See* 28 U.S.C. § 1920. Plaintiff asks this Court to exercise discretion not to impose costs because Plaintiff brought a non-frivolous "meritorious claim" and is indigent and proceeding *in forma pauperis*. (Dkt. No. 107). Plaintiff also opposes an award of costs because the judgment does not direct an award of costs.

### A. Indigency

"As a general matter a district court may deny costs on account of a losing party's indigency, but indigency per se does not automatically preclude an award of costs." *Whitfield*, 241 F.3d at 270. Further, as a matter of discretion, a court may order the payment of costs by a party proceeding *in forma pauperis*. *See Feliciano v. Selsky*, 205 F.3d 568, 572 (2d Cir. 2000). The decision is "informed by any factor the court deems relevant, including the purpose of the

---

administrative remedies after an evidentiary exhaustion hearing where Magistrate Judge David Peebles found Plaintiff's testimony not credible. (Dkt. No. 61, at 10-11).

forma pauperis statute, the history of the party as litigator, good faith and the actual dollars involved." *Id.* (internal quotation marks omitted). Plaintiff has not submitted any evidence showing that he would lack the financial resources to pay the modest bill of costs at the rate specified by DOCCS Directive No. 2788. *Contra Williams v. Arctic Cat, Inc.*, No. 11-cv-445, 2014 WL 4105286, at *2, 2014 U.S. Dist. LEXIS 115502, at *7 (N.D.N.Y. Aug. 20, 2014) (granting reduction of costs where plaintiffs submitted proofs that they lacked financial resources to pay bill of costs).

### B. PLRA

Plaintiff also argues that the Court should deny Defendants' motion because the judgment includes no direction for payment of costs. (Dkt. No. 107, at 1–2). *See Feliciano v. Selsky*, 205 F.3d 568, 572 (2d Cir. 2000), and *Dolberry v. Jakob*, No. 11-cv-1018, 2019 WL 1396975, at *4, 2019 U.S. Dist. LEXIS 53182, at *11 (N.D.N.Y. Mar. 28, 2019). In *Feliciano*, the Second Circuit granted an unsuccessful prisoner-appellant's motion to disallow the costs of printing the appellee's brief because the Circuit's summary order of affirmance did not order payment of costs. 205 F.3d at 572. The Second Circuit recognized that courts have authority, under the PLRA to assess costs against an indigent prisoner. *Id.* (citing 28 U.S.C. § 1915(f)(2)(A), (B)). It found, however, in the context of Rule 39(a) of the Federal Rules of Appellate Procedure, that the "portion of § 1915 that provides for the payment of full costs *in the event that the judgment requires it*," fell "within the 'law provides otherwise' language of Fed. R. App. P. 39(a), which allows costs to be taxed against appellants when the judgment is affirmed 'unless the law provides or the court orders otherwise.'" *Id.* (citing 28 U.S.C. § 1915(f)(2)(A))[2]; *cf. Whitfield*,

---

[2] At least one other Circuit has declined to follow the Second Circuit's analysis in *Feliciano*. In *Skinner v. Govorchin*, the plaintiff brought a § 1983 complaint alleging that the defendants had wrongfully garnished funds from his prison account in connection with the Sixth Circuit's award of costs in a prior action. 463 F.3d 518, 520 (6th Cir. 2006). The plaintiff, citing *Feliciano*, argued, inter alia, that the judgment in the prior case, which was "entered later in connection

3

241 F.3d at 268, 274 (noting that there is a "simply remedy" for appellate printing costs that had been imposed by the Second Circuit, following its summary order of affirmance and mandate "silent as to costs": under Fed. R. App. 39(d)(3) the costs may be added to the mandate), *abrogated on other grounds by Bruce v. Samuels*, 136 S. Ct. 627 (2016). In *Feliciano*, although the Circuit denied costs, noting that "the judgment entered by the Clerk of this Court under the provisions of Fed. R. App. P. 36 contains no provision for costs," it observed that "[t]his in no way detracts from the ability of a court to require, as a matter of discretion, that the indigent prisoner pay the costs, or some part of them." *Id.* The Circuit further indicated that: "Whether assessed by a district court or by this court, the discretionary imposition of costs should be informed by any factor the court deems relevant, including 'the purpose of the forma pauperis statute, the history of the party as litigator, good faith and the actual dollars involved.'" *Id.* (quoting 16A C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 3985 at 710 n.8 (1999)).

Although the Federal Appellate Rule cited in *Feliciano* for awarding costs to a successful appellant (Fed. App. R. 39) is analogous to the rule providing for costs for a prevailing party in the district court (Fed. R. Civ. P. 54), *Dolberry* is the only other case Plaintiff cited, or the Court could find, where a trial court considered as a basis for denying costs, the fact that the judgment

---

with the issuance of the mandate" under Fed. R. App. P. 39, did not include an award of costs, and thus violated the PLRA's requirement that an award of costs be included in the judgment. *Id.* at 521. The Sixth Circuit, however, was not "prepared to follow Skinner, accompanied by *Feliciano*, down this road." *Id.* It explained that "while Rule 39(a) acknowledges that another 'law' could 'provide[ ] otherwise' when it comes to the procedures for taxing costs established by Rule 39(d), the PLRA does not seem to be such a law." *Id.* at 521–22. It noted that the "operative section of the PLRA," § 1915(f)(1), "begins by saying, 'Judgment may be rendered for costs at the conclusion of the suit or action as *in other proceedings*,'" and found that the "'as in other proceedings' language suggests that the PLRA does not mean to alter the traditional mechanics for *awarding* costs—set forth in Rule 39(d)—but to establish rules unique to indigent prisoners for *paying* such costs." *Id.* at 522 (quoting 28 U.S.C. § 1915(f)(1)) (emphasis in original).

did not direct the payment of costs.[3] 2019 WL 1396975, at *4, 2019 U.S. Dist. LEXIS 53182, at *11. The Court notes that under 28 U.S.C. 1915(f)(1), "[j]udgment may be rendered for costs at the conclusion of the suit or action as in other proceedings . . . ." As Defendants argue, here the Court is considering whether to award costs as it does in other proceedings: in accord with N.D.N.Y. Local Rule 54.1(a), costs are not taxed until after the entry of judgment, and after the party entitled to recover costs files a verified bill of costs. A determination regarding costs is thus not made absent a request for costs. The Court does not interpret *Feliciano* to preclude an award of costs in accord with this district's standard procedures.

III.  **CONCLUSION**

The Court has reviewed the substantive and procedural history of this case, and carefully considered the parties' arguments. Considering all of the factors in this case, the Court finds the imposition of costs warranted. For these reasons, it is hereby

**ORDERED** that Defendants' motion for a bill of costs in the amount of $1,474.24 (Dkt. No. 106) is **GRANTED**.

**IT IS SO ORDERED.**

Dated: October 4, 2019
Syracuse, New York

*Brenda K. Sannes*
Brenda K. Sannes
U.S. District Judge

---

[3] Defendants argue that Plaintiff is relying on dicta in *Dolberry*. (Dkt. No. 108, at 2). The Court disagrees. The district court in *Dolberry* did appear to rely, as one of its reasons for denying costs, the fact that the "judgment did not direct [the plaintiff] to provide for the payment of costs." 2019 WL 1396975, at *4, 2019 U.S. Dist. LEXIS 53182, at *11.