UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

JASON BRISMAN,

                                   Plaintiff,                      9:15-cv-00712 (BKS/DEP)

v.

AARON McCABE and ANTHONY VOLPE,

                                   Defendants.
_____

**Appearances:**

*Plaintiff Pro se:*
Jason Brisman
95-A-6077
Attica Correctional Facility
Box 149
Attica, NY 14011

*For Defendants*:
Letitia James
Attorney General of the State of New York
Denise P. Buckley
Assistant Attorney General
The Capitol
Albany, NY 12224

**Hon. Brenda K. Sannes, United States District Judge:**

MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

       In this action, Plaintiff Jason Brisman asserted a First Amendment retaliation claim under 42 U.S.C. § 1983 against Defendants Aaron McCabe and Anthony Volpe. (Dkt. No. 1).[1] After a

---

[1] Plaintiff's original complaint asserted various claims against forty-five employees of the Department of Corrections and Community Supervision. (Dkt. No. 1; Dkt. No. 5, at 4). All but one of Plaintiff's claims was dismissed prior to trial. (Dkt. Nos. 45, 63).

two-day trial in February 2019, the jury returned a verdict finding that Plaintiff failed to prove his claim by a preponderance of the evidence. (Dkt. No. 101). In an Order entered on October 4, 2019, the Court granted Defendants' motion for a bill of costs in the amount of $1,474.24 under Rule 54(d) of the Federal Rules of Civil Procedure. *Brisman v. McCabe*, No. 15-cv-712, 2019 WL 4917946, 2019 U.S. Dist. LEXIS 172615 (N.D.N.Y. Oct. 4, 2019). Presently before the Court is Plaintiff's motion for reconsideration of that Order. (Dkt. No. 112). Defendants responded. (Dkt. No. 114). The Court assumes the parties' familiarity with the facts and procedural history of this case. For the following reasons, Plaintiff's motion is denied.

## II.     LEGAL STANDARD

In general, a motion for reconsideration may only be granted upon one of three grounds: (1) "an intervening change of controlling law," (2) "the availability of new evidence," or (3) "the need to correct a clear error of law or prevent manifest injustice." *United States v. Zhu*, 41 F. Supp. 3d 341, 342 (S.D.N.Y. 2014) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)); *see also Shannon v. Verizon N.Y., Inc.*, 519 F. Supp. 2d 304, 307 (N.D.N.Y. 2007). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.* at 257. "The standard for reconsideration is strict and is committed to the discretion of the court." *S.E.C. v. Wojeski*, 752 F. Supp. 2d 220, 223 (N.D.N.Y. 2010) *aff'd sub nom. Smith v. S.E.C.*, 432 F. App'x 10 (2d Cir. 2011).

**III.   DISCUSSION**

In arguing for reconsideration, Plaintiff asserts that: (i) he has "no financial support," (ii) allowing an award of costs "would create a deterrent for any indigent prisoner from exercising their constitutional rights," (iii) he brought his case because his "constitutional rights . . . were violated," and (iv) the Court has "substantial discretion whether and to what extent to tax costs." (Dkt. No. 112, at 2).[2]

In granting Defendants' motion for costs, the Court expressly considered Plaintiff's indigency, but found Plaintiff had not "submitted any evidence showing that he would lack the financial resources to pay." *Brisman*, 2019 WL 4917946, at *1, 2019 U.S. Dist. LEXIS 172615, at *2–3. As Plaintiff has not identified any error in this finding, his argument does not provide a basis for reconsideration.

Courts have rejected Plaintiff's argument that an award of costs would deter civil rights plaintiffs from prosecuting actions. *Castro v. City of New York*, No. 10-cv-4898, 2014 WL 4659293, at *3 n.4, 2014 U.S. Dist. LEXIS 13105, at *7 n.4 (E.D.N.Y. Sept. 17, 2014) ("To the extent that plaintiff further argues that an award of costs taxed against an unsuccessful civil rights plaintiff would deter such plaintiffs from prosecuting civil rights violations, this argument is rejected." (citing, *inter alia*, *Wray v. City of New York*, No. 01-cv-4837, 2007 WL 2908066, at *1, 2007 U.S. Dist. LEXIS 74457, at *5 (E.D.N.Y. Oct. 4, 2007) ("Congress has not sought to exclude civil rights cases from the reach of Rule 54(d)(1). It is thus not too much to ask any litigant, whether in a civil rights case or otherwise to appreciate his possible exposure for a

---

[2] Plaintiff also asserts that because "correctional staff followed [him] to and from the [witness] stand," the jury may have formed "a pre conceived [sic] idea as to who the defendant and plaintiff were." (Dkt. No. 112, at 2). This assertion provides no basis for reconsideration.

3

relatively small amount of costs in making the decision whether to commence litigation in a federal court.")))). This argument is therefore unavailing.

Finally, the Court previously considered Plaintiff's argument that his claim was "meritorious" and recognized its discretion in deciding whether to order the payment of costs. *Brisman*, 2019 WL 4917946, at *1, 2019 U.S. Dist. LEXIS 172615, at *2. Thus, as Plaintiff has not identified an intervening change in law, new evidence regarding his ability to pay or otherwise, or the need to correct clear error, his motion for reconsideration is denied.

## IV. CONCLUSION

For these reasons, it is hereby

**ORDERED** that Plaintiff's Motion for Reconsideration (Dkt. No. 112) is **DENIED**.

**IT IS SO ORDERED.**

Dated: April 23, 2020
       Syracuse, New York

Brenda K. Sannes
U.S. District Judge